IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| JACK IN THE BOX EASTERN DIVISION L.P. d/b/a Jack in the Box | ) ) ) | COMPLAINT |
| | ) ) | JURY DEMAND |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on the basis of race, White, and to provide appropriate relief to Francis Griffith, who was adversely affected by such practices. As alleged with greater particularity in paragraphs 8 a-j below, the Commission alleges that Defendant subjected Francis Griffith to racial harassment because of her race, White and failed to take prompt remedial action to end the harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2. The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Middle District of Tennessee, Nashville Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5 (f)(1) and (3).

4. At all relevant times, Defendant Jack in the Box Eastern Division L.P. (Employer"), a Texas Corporation, has continuously been doing business in the State of Tennessee and the City of Nashville, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Francis Griffith filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least October 2006, and continuing, Defendant Employer engaged in unlawful employment practices at its Nashville, Tennessee workplace, in violation of Section 704 (a) of Title VII, 42 U.S.C. § 2000e-2.

8. Defendant Employer subjected Francis Griffith to discrimination based on race.

    a. Defendant hired Ms. Griffith as a hostess around October 2006 at it Dickerson Pike location in Nashville, Tennessee.

    b. After Ms. Griffith was hired, several Black employees subjected her to constant harassment of a racial nature.

    c. Ms. Griffith was called among other things, "White bitch," "stupid White bitch," and "White trash."

    d. In January 2007, a co-worker, a Black female, told Ms. Griffith to kill her unborn baby because it was mixed.

    e. Although Ms. Griffith complained to management who was White, her complaints were ignored.

    f. Defendant has an Anti-Harassment policy which provides a mechanism for complaints, including the Ethics Hot Line.

    g. Griffith followed the policy. But, Defendant failed to provide prompt remedial and corrective action to stop the racial harassment.

    h. In April 2007, Ms. Griffith called the Ethics Hot Line because the racial harassment was continuing.

    i. As a result of the call, Defendant conducted an investigation and terminated one employee for making racial remarks.

j. From May 2007, the harassment continued. When Ms. Griffith telephoned the Ethics Hot Line, she was told not to call the hot line again and to allow her manager to handle the matter.

9. The effect of the practices complained of in paragraphs 8 a-j above has been to deprive Ms. Griffith of equal employment opportunities and otherwise affect her status as an employee because of her race.

10. The unlawful employment practices complained of in paragraphs 8 a–j above were intentional.

11. The unlawful employment practices complained of in paragraphs 8 a-j above were done with malice or with reckless indifference to the federally protected rights of Francis Griffith.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation and any other employment practice that discriminates based on retaliation.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide protection against retaliation, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Francis Griffith, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial,

and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Francis Griffith by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8 a– j above, including emotional pain, suffering, inconvenience, and humiliation, in amounts to be determined at trial.

E. Order Defendant Employer to pay Francis Griffith punitive damages for its malicious and reckless conduct described in paragraphs 8-a-j above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

                      **RONALD S. COOPER**
                      General Counsel

                      **JAMES L. LEE**
                      Deputy General Counsel

                      **GWENDOLYN YOUNG REAMS**
                      Associate General Counsel
                      EEOC, Washington, D.C.

                      _/s/ Faye A. Williams_
                      **FAYE A. WILLIAMS**
                      Regional Attorney
                      TN Bar No. 11730

                      _/s/ Deidre Smith_
                      **DEIDRE SMITH**
                      Supervisory Trial Attorney
                      TN Bar No. 18499

                      _/s/ Steven W. Dills (by FAW)_
                      **STEVEN W. DILLS**
                      Senior Trial Attorney
                      TN Bar No. 11970

                      **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
                      1407 Union Ave., Suite 901
                      Memphis, TN 38104
                      (901) 544-0136